IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY HENNESSY, | : | Civil No. 3:25-cv-752 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| BERNADETTE MASON, *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this _____ day of June, 2026, upon consideration of Defendants'

motion to dismiss (Doc. 38), and the parties' respective briefs in support of and in opposition

to said motion, and for the reasons set forth in the accompanying Memorandum, **IT IS**

**HEREBY ORDERED THAT**:

1.   The motion (Doc. 38) is **GRANTED** in part and **DENIED** in part.

2.   The motion is **GRANTED** as to Plaintiff's Fourteenth Amendment due process claim against Defendants Muick and Kanjorski based on a violation of prison policy, and this claim is **DISMISSED** with prejudice.

3.   The motion is **GRANTED** as to Plaintiff's claims against Defendant Houser, the Eighth Amendment claim against all Defendants, and the Fourteenth Amendment equal protection claim against Defendants Kanjoriski, Sokaloski, Harry, Muick, and Whitaker, and these claims are **DISMISSED** without prejudice and with leave to amend. Within 20 days of the date of this Order, Plaintiff may file a second amended complaint only with respect to her claims against Defendant Houser, the Eighth Amendment claim against all Defendants, and the Fourteenth Amendment equal protection claim against Defendants Kanjoriski, Sokaloski, Harry, Muick, and Whitaker. If Plaintiff fails to timely file a second amended complaint, the dismissal of these claims will

convert from a dismissal without prejudice to a dismissal with prejudice, without the necessity of a further Order of Court.

4. The motion is **DENIED** as to Plaintiff's claims against Defendants Mason and Harry, and the Americans with Disabilities Act Claim against Defendants Fackler and Reifer.

5. Plaintiff's claims against Defendants Mason and Harry, and the Americans with Disabilities Act Claim against Defendants Fackler and Reifer shall proceed. Defendants shall **FILE** an answer to these claims on or before July 8, 2026.

6. Discovery shall be completed on or before August 17, 2026. In accordance with Local Rule of Court 5.4(b), the parties shall refrain from filing discovery requests with the Court.

7. On or before August 31, 2026, the parties shall **NOTIFY** the Court of whether they are amenable to mediation.

8. On or before August 31, 2026, the parties shall **NOTIFY** the Court of their willingness to consent to the jurisdiction of a United States Magistrate Judge. See 28 U.S.C. § 636(c).

9. Dispositive motions shall be filed on or before September 16, 2026.

10. No extensions of the pre-trial schedule shall be granted absent good cause. See FED. R. CIV. P. 16(b).

11. Any motions or briefs filed after the expiration of the applicable deadline, without prior leave of court, shall be stricken from the record.

12. The scheduling of a final pre-trial conference and the trial date of this matter is deferred pending disposition of dispositive motions.

13.    Any appeal from this Order is deemed frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

_____
Robert D. Mariani
United States District Judge